WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com
*Attorneys for Plaintiff Patricia Phillips*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICIA PHILLIPS, an individual,<br><br>                              Plaintiff,<br><br>vs.<br><br>PERFUSION.COM, INC., a foreign corporation.<br><br>                              Defendant. | CASE NO: 3:20-cv-619<br><br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW Plaintiff Patricia Phillips, by and through her counsel, William J. Geddes, Esq. and Kristen R. Geddes, Esq. of THE GEDDES LAW FIRM, P.C., and hereby complains of Defendant PERFUSION.COM, INC. as follows.

**I.**

**STATEMENT OF THE CASE**

This is an employment discrimination case arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and Nevada state law.  PHILLIPS alleges herein that Defendant subjected PHILLIPS to sex-based discrimination and age discrimination and retaliated against her when she complained about the discrimination.  PHILLIPS seeks monetary, equitable, and injunctive relief.

. . .

. . .

## II.

### JUISDICTION AND VENUE

1.     The federal claims of this case are maintained pursuant to 28 U.S.C. § 1331.    In particular, this case asserts claims, actionable under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3 *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623.   This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

2.     Venue is proper in the U.S. District Court situated in Reno, Nevada, under Local Rule IA 1-6 and 28 U.S.C. § 1391(b) because this Court is located in the "unofficial Northern Division," embracing the City of Reno, Nevada, and because:

(a)     Venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claims of the case occurred, or where any defendant resides; and,

(b)     The unlawful employment practices were committed in Reno, Nevada.

### III.

### PARTIES

3.     At all relevant times herein, Plaintiff Patricia Phillips ("PHILLIPS") was a citizen of the state of Nevada, residing in Reno, Nevada, who was a female over the age of forty (40), who was employed by Defendant PERFUSION.COM, INC.

4.     At all relevant times herein, Defendant PERFUSION.COM, INC. ("PERFUSION.COM") was a foreign corporation doing business in Reno, Nevada, and was Plaintiff's employer, pursuant to Title VII of the Civil Rights act of 1964 (as amended), 42 U.S.C. § 2000, *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA) and Nevada law.

### IV.

### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

5.     PHILLIPS has been a Nevada-licensed perfusionist since September 29, 2010 and holds license number LP024 issued by the Nevada State Board of Medical Examiners.

6.     A perfusionist or perfusiologist or clinical perfusion scientist, is a healthcare professional who operates the cardiopulmonary bypass machine (heart–lung machine) during cardiac

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

surgery and other surgeries that require cardiopulmonary bypass to manage the patient's physiological status.

7.      PHILLIPS was hired by Pacific Perfusion as a clinical perfusionist in or around August 2013, which company was acquired by Defendant PERFUSION.COM in or around February 2014 and was subsequently known as PERFUSION.COM.

8.      Only PHILLIPS and another perfusionist, a male named Roy Stoltzner, transitioned their employment from Pacific Perfusion to Defendant PERFUSION.COM.

9.      When Defendant PERFUSION.COM took over, PHILLIPS made a request to Bryan Lich ("Lich"), President of Defendant PERFUSION.COM for an increase in salary, but was advised that all salaries were frozen at that time.

10.      PHILLIPS requested the increase in salary due to the promise by Pacific Perfusion after 6 months of employment, PHILLIPS would receive such an increase, and PERFUSION.COM assumed takeover of Pacific Perfusion around 6 months into PHILLIP's employment.

11.      PHILLIPS later discovered that Roy Stoltzner was permitted to negotiate an increase in salary for himself, despite Lich's assertion to PHILLIPS that salaries were frozen when PERFUSION.COM took over.

12.      PHILLIPS asked Lich about Stoltzner's negotiated salary increase, whereby Lich responded that younger perfusionists came up in salary faster than seasoned perfusionists.

13.      Two additional perfusionists were later hired, including Chad Wilson and Kevin Troike.

14.      Kevin Troike was the Clinic Coordinator, until about mid-April 2015, when Chad Wilson was made the clinical manager, instead of Mr. Troike.

15.      Around mid-2016, Chad Wilson was involved in a physical altercation in the course of his employment, which caused his hospital privileges at Renown Medical Center to be suspended, which, in turn, caused him to be removed from his position as Clinic Coordinator with Defendant PERFUSION.COM.

16.      Because the perfusionists work on an assigned on-call schedule, which schedule is created by the Clinic Coordinator, PHILLIPS requested access to the call schedule in Mr. Wilson's absence to create the call schedule for September 2016.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

17.     PHILLIPS was told by Iris Chacon, Human Resources Director and Vice President of Defendant PERFUSION.COM that Roy Stoltzner was made interim Clinic Coordinator.

18.     At the time Roy Stoltzner was unilaterally made interim Clinic Coordinator, Stoltzner was approximately 33 years of age, while PHILLIPS was 55 years old.

19.     Additionally, Stoltzner had only approximately 8 years of perfusionist experience with no clinical management experience, contrasted to PHILLIPS' 33 years of perfusionist experience, with 13 of those years being a clinical manager.

20.     At the time Stoltzner was unilaterally made interim Clinic Coordinator, PHILLIPS was more qualified by training, skills and experience to hold the position of Clinic Coordinator.

21.     Hence, on or around September 27, 2016, PHILLIPS sent an e-mail to Iris Chacon, inquiring why neither she nor Kim Tornabene were made interim Clinic Coordinator.

22.     Kim Tornabene was another female, who was also 55 years old, was also not considered to be interim Clinic Coordinator, despite her superior skills and experience, as compared to Stoltzner's.

23.     In an e-mail dated September 28, 2016, Ms. Chacone responded to PHILLIPS' e-mail stating that Roy Stoltzner was selected because:

> He is young and energetic . . . [and] he would be able to grow into the position.  I see him staying in this position longer. . . . I think of you not wanting any more responsibility . . . I figure you wanted to have more family time than dealing with perfusion management issues, so I did not bring up your name.

24.     Roy Stoltzner was later unilaterally made permanent Clinic Coordinator, without the position ever being opened for competition or offered to PHILLIPS.

25.     In or around December of 2016, PHILLIPS complained to Lich about the failure to open or offer PHILLIPS the Clinic Coordinator position, based upon the reasons stated by Iris Chacon in her e-mail, to PHILLIPS.

26.     During a conversation between Lich and PHILLIPS in December 2016, Lich admitted that Ms. Chacon should not have made such statements in her e-mail.

27.     On or around December 10, 2016, PHILLIPS timely submitted, or caused to be submitted a charge of unlawful discrimination  with the Equal Opportunity Commission ("EEOC")  in EEOC Claim No. 550-2017-00142, which alleged discrimination based on sex and age.

28.     Subsequent to PHILLIPS' filing a charge of unlawful discrimination with the EEOC, PHILLIPS again inquired about a salary increase, which Lich denied, telling PHILLIPS he would have to wait to see how much her EEOC complaint was going to cost the company.

29.     Additionally, in or around August 2018, PHILLIPS questioned Lich about her performance appraisal where some categories received a below-expectations rating by Stoltzner, which performance appraisal PHILLIPS challenged as inaccurate and without foundation.  Lich failed to investigate or correct the performance appraisal, and refused to discuss it with PHILLIPS, citing "our present situation with the EEOC."

30.     On August 7, 2020, the EEOC issued a "right-to-sue letter" for the discrimination and retaliation claims of this case, set forth in EEOC Claim No. 550-2017-00142 pursuant to 42 U.S.C. § 2000e-5(f), and PHILLIPS timely filed the instant suit within ninety (90) days of the receipt of this "right-to-sue letter."

## FEDERAL CLAIMS

### V.

### DISCRIMINATION BASED ON SEX
### (Title VII - 42 U.S.C. § 2000e-2 *et seq.*)

31.     PHILLIPS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

32.      PHILLIPS is a person entitled to the protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 *et seq.*

33.     Defendant PERFUSION.COM is an employer having at least fifteen employees, which had a legal obligation, pursuant to Title VII, 42 U.S.C. § 2000e-2 *et seq.,* as amended, and its own internal policies, to maintain a workplace free from unlawful discrimination based on sex.

34.     PHILLIPS was subjected to discriminatory treatment during her employment with Defendant PERFUSION.COM and this conduct was based upon and directed at PHILLIPS by reason of her sex.

35.     PHILLIPS notified Defendant PERFUSION.COM, which was otherwise aware, of the discriminatory conduct through its employees and agents and third-parties but Defendant

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

PERFUSION.COM failed to take any appropriate corrective action.

36.     As a direct and proximate result of the discriminatory treatment by Defendant PERFUSION.COM, including through its employees and agents and third-parties, PHILLIPS has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which PHILLIPS is entitled to compensatory and equitable damages, in an amount to be proven at trial.

37.     Defendant PERFUSION.COM's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of PHILLIPS— warranting an award of punitive damages, to punish Defendant PERFUSION.COM, in an amount determined by a jury at trial, according to law.

38.     As a result of such intentional, unlawful, and discriminatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

39.     As a result of such intentional, unlawful, and discriminatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant PERFUSION.COM violated PHILLIPS' rights.

**VI.**

**SECOND CLAIM FOR RELIEF**

**DISPARATE TREATMENT BASED ON AGE**
**(ADEA - 29 U.S.C. § 623 *et seq*.)**

40.     PHILLIPS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

41.      PHILLIPS is a person entitled to the protection under the ADEA, 29 U.S.C. § 623, *et seq.*

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

6

42.     Defendant PERFUSION.COM is an employer having at least twenty employees, which had a legal obligation, pursuant to the ADEA, and its own internal policies, to maintain a workplace free from unlawful discrimination because of PHILLIPS' age.

43.     Defendant PERFUSION.COM failed and refused to promote PHILLIPS by reason of her age, which was over 40.

44.     Defendant PERFUSION.COM refused to promote PHILLIPS by reason of her age, that is, the Defendant would not have failed and refused to promote PHILLIPS but for her age.

45.     As a direct and proximate result of the discrimination of Defendant PERFUSION.COM, including through its employees and agents and third-parties, PHILLIPS has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, for which PHILLIPS is entitled to compensatory and equitable damages, in an amount to be proven at trial.

46.     Defendant PERFUSION.COM's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of PHILLIPS— warranting an award of liquidated damages,  in an amount determined by a jury at trial, according to law.

47.     As a result of such intentional, unlawful, and discriminatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

48.     As a result of such intentional, unlawful, and discriminatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant PERFUSION.COM violated PHILLIPS' rights.

. . .

. . .

. . .

. . .

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

7

**VII.**

**THIRD CLAIM FOR RELIEF**

**RETALIATION**
**(Title VII - 42 U.S.C. § 2000e-3 *et seq*.)**

49.     PHILLIPS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

50.     As alleged herein, Defendant PERFUSION.COM, by and through its officers, managing agents and/or its supervisors, illegally retaliated against PHILLIPS by depriving PHILLIPS of equal employment opportunities and benefits and refusing to correct negative performance appraisals in retaliation for exercising her federally protected rights.

51.     Defendant PERFUSION.COM had no legitimate reasons for any such act.  Each said act is in violation of the anti-retaliation provisions of 42 U.S.C. § 2000e-3 *et seq.*

52.     As a direct and proximate result of the Defendant PERFUSION.COM, including through its employees and agents and third-parties, intentional discrimination and retaliation, PHILLIPS has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which PHILLIPS is entitled to compensatory and equitable damages, in an amount to be proven at trial.

53.     Defendant PERFUSION.COM's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of PHILLIPS—warranting an award of punitive damages, to punish Defendant PERFUSION.COM, in an amount determined by a jury at trial, according to law.

54.     As a result of such intentional, unlawful, and retaliatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

55.     As a result of such intentional, unlawful, and retaliatory conduct and retaliation against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant PERFUSION.COM violated PHILLIPS' rights.

**VIII.**

**FOURTH CLAIM FOR RELIEF**

**RETALIATION**
**(ADEA – 29 U.S.C. § 623(d)**

56.     PHILLIPS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

57.     As alleged herein, Defendant PERFUSION.COM, by and through its officers, managing agents and/or its supervisors, illegally retaliated against PHILLIPS by depriving PHILLIPS of equal employment opportunities and benefits and refusing to correct negative performance appraisals in retaliation for exercising her federally protected rights.

58.     Defendant PERFUSION.COM had no legitimate reasons for any such act.  Each said act is in violation of the anti-retaliation provisions of 29 U.S.C. § 623(d).

59.     As a direct and proximate result of the Defendant PERFUSION.COM, including through its employees and agents and third-parties, intentional discrimination and retaliation, PHILLIPS has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, for which PHILLIPS is entitled to compensatory and equitable damages, in an amount to be proven at trial.

60.     Defendant PERFUSION.COM's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of PHILLIPS— warranting an award of liquidated damages,   in an amount determined by a jury at trial, according to law.

61.     As a result of such intentional, unlawful, and discriminatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

62.    As a result of such intentional, unlawful, and discriminatory conduct and retaliation against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant PERFUSION.COM violated PHILLIPS' rights.

### STATE LAW CLAIMS

### IX.

### FIFTH CLAIM FOR RELIEF

### DISCRIMINATION BASED ON SEX
### (NRS 613.330)

63.    PHILLIPS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

64.     PHILLIPS is a person entitled to the protection under NRS 613.330.

65.    Defendant PERFUSION.COM is an employer having at least fifteen employees, which had a legal obligation, pursuant to NRS 613.330, and its own internal policies, to maintain a workplace free from unlawful discrimination based on sex.

66.    PHILLIPS was subjected to discriminatory treatment during her employment with Defendant PERFUSION.COM and this conduct was based upon and directed at PHILLIPS by reason of her sex.

67.    PHILLIPS notified Defendant PERFUSION.COM, which was otherwise aware, of the discriminatory conduct through its employees and agents and third-parties but Defendant PERFUSION.COM failed to take any appropriate corrective action.

68.    As a direct and proximate result of the discriminatory treatment by Defendant PERFUSION.COM, including through its employees and agents and third-parties, PHILLIPS has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which PHILLIPS is entitled to compensatory and equitable damages, in an amount to be

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

proven at trial.

69.     Defendant PERFUSION.COM's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of PHILLIPS— warranting an award of punitive damages, to punish Defendant PERFUSION.COM, in an amount determined by a jury at trial, according to law.

70.     As a result of such intentional, unlawful, and discriminatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

71.     As a result of such intentional, unlawful, and discriminatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant PERFUSION.COM violated PHILLIPS' rights.

## X.

### SIXTH CLAIM FOR RELIEF

### DISCRIMINATION BASED ON AGE
### (NRS 613.330)

72.     PHILLIPS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

73.     PHILLIPS is a person entitled to the protection under NRS 613.330.

74.     Defendant PERFUSION.COM failed and refused to promote PHILLIPS by reason of her age, which was over 40.

75.     Defendant PERFUSION.COM refused to promote PHILLIPS by reason of her age, that is, the Defendant would not have failed and refused to promote PHILLIPS but for her age.

76.     As a direct and proximate result of the discrimination of Defendant PERFUSION.COM, including through its employees and agents and third-parties, PHILLIPS has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, for which PHILLIPS is

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

entitled to compensatory and equitable damages, in an amount to be proven at trial.

77.     Defendant PERFUSION.COM's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of PHILLIPS— warranting an award of liquidated damages,   in an amount determined by a jury at trial, according to law.

78.     As a result of such intentional, unlawful, and discriminatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

79.     As a result of such intentional, unlawful, and discriminatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant PERFUSION.COM violated PHILLIPS' rights.

## XI.

## SEVENTH CLAIM FOR RELIEF

### (NRS 613.340)
### RETALIATION

80.     PHILLIPS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

81.     As alleged herein, Defendant PERFUSION.COM, by and through its officers, managing agents and/or its supervisors, illegally retaliated against PHILLIPS by depriving PHILLIPS of equal employment opportunities and benefits and refusing to correct negative performance appraisals in retaliation for exercising her federally protected rights.

82.     Defendant PERFUSION.COM had no legitimate reasons for any such act.  Each said act is in violation of the anti-retaliation provisions of NRS 613.340.

83.     As a direct and proximate result of the Defendant PERFUSION.COM, including through its employees and agents and third-parties, intentional discrimination and retaliation, PHILLIPS has

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which PHILLIPS is entitled to compensatory and equitable damages, in an amount to be proven at trial.

84. Defendant PERFUSION.COM's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of PHILLIPS—warranting an award of punitive or liquidated damages, to punish Defendant PERFUSION.COM, in an amount determined by a jury at trial, according to law.

85. As a result of such intentional, unlawful, and discriminatory conduct against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

86. As a result of such intentional, unlawful, and discriminatory conduct and retaliation against PHILLIPS by Defendant PERFUSION.COM, including through its employees and agents, PHILLIPS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant PERFUSION.COM violated PHILLIPS' rights.

## XII.

## PRAYER FOR RELIEF

WHEREFORE, PHILLIPS prays for judgment against Defendant PERFUSION.COM, INC., as follows:

1. For equitable relief, including back pay and front pay;

2. For general, compensatory damages on all claims, in an amount to be proven at trial;

3. For special, compensatory damages on all claims, in an amount to be proven at trial;

4. For past and future compensatory damages, including incidental and consequential losses, incurred by reason of Defendant's acts, omissions, carelessness, negligence, deliberate indifference, and other culpable conduct described herein, in an amount to be proven at trial;

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

5.    For exemplary and punitive damages, as allowed by law;

6.    For costs of the suit incurred herein;

7.    For attorneys' fees, costs, and prejudgment interest, as allowed by law;

8.    For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial;

9.    For Declaratory relief, equitably determined by the Court at trial. Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS 30.100, NRS 613.333, and the Court's inherent equitable powers, PHILLIPS seeks, and is entitled to have, declaratory relief awarded in her favor, to declare her rights and the obligations of Defendant PERFUSION.COM, INC., which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a declaration that Defendant PERFUSION.COM, INC. unlawfully discriminated against PHILLIPS in violation of the Title VII and NRS 613.330, and otherwise violated PHILLIPS' rights under federal law and state law, as alleged herein, and regarding the rights and obligations of the parties, relating to PHILLIPS' employment and re-employment;

10.    Based on the foregoing, PHILLIPS has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury.  This inadequacy is, in part, based on the fact that Defendant PERFUSION.COM, INC. are currently maintaining false and disparaging information about PHILLIPS' work performance and tenure at Defendant PERFUSION.COM, INC., which will be discovered by third parties, including prospective employers of PHILLIPS, which will interfere with her ability to obtain employment, including re-employment at Defendant PERFUSION.COM, INC.  As such PHILLIPS is entitled to injunctive relief, including an injunction compelling Defendant:

(a)    To remove false, adverse information contained in her personnel files relating to the claims of this case; and

     (b)     To provide only a "neutral" job reference concerning PHILLIPS' tenure at Defendant PERFUSION.COM, INC., to all inquiring prospective employers.

Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted, and the public interest would not be disserved by issuance of such injunctive relief. PHILLIPS herein seeks Injunctive relief, equitably determined by the Court at trial;

11.     For such other relief as the Court may deem just and proper; and

12.     Pursuant to the *Federal Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by jury on all issues triable by right of a jury.

Dated this 5<u>th</u> Day of November 2020.

     THE GEDDES LAW FIRM, P.C.

KRISTEN R. GEDDES
Nevada Bar Number 9027
The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Telephone: (775) 853-9455
*Attorneys for Plaintiff Patricia Phillips*

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455